Slip Op. 21-166

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CANADIAN SOLAR INTERNATIONAL LIMITED ET AL., | |
|    Plaintiffs and Consolidated Plaintiffs, | |
| and | |
| SHANGHAI BYD CO., LTD. ET AL., | Before: Claire R. Kelly, Judge |
|    Plaintiff-Intervenors and Consolidated Plaintiff-Intervenors, | Consol. Court No. 17-00173 |
| v. | |
| UNITED STATES, | |
|    Defendant, | |
| and | |
| SOLARWORLD AMERICAS, INC. ET AL., | |
|    Defendant-Intervenor and Consolidated Defendant-Intervenors. | |

**OPINION**

[Sustaining the U.S. Department of Commerce's fourth remand redetermination in the third administrative review of the antidumping duty order covering crystalline silicon photovoltaic cells, whether or not assembled into modules, from the People's Republic of China.]

Dated: December 8, 2021

Craig A. Lewis, Hogan Lovells US LLP, of Washington, D.C., for plaintiffs and consolidated plaintiffs Canadian Solar International Limited; Canadian Solar Manufacturing (Changshu), Inc.; Canadian Solar Manufacturing (Luoyang), Inc.; CSI Solar Power (China) Inc.; CSI-GCL Solar Manufacturing (YanCheng) Co., Ltd.; CSI Cells Co., Ltd.; Canadian Solar (USA) Inc.; and plaintiff-intervenor and consolidated plaintiff-intervenor Shanghai BYD Co., Ltd.

Richard L.A. Weiner, Sidley Austin, LLP, of Washington, D.C., for plaintiff intervenors Yingli Green Energy Holding Co., Ltd.; Baoding Tianwei Yingli New Energy Resources Co., Ltd.; Tianjin Yingli New Energy Resources Co., Ltd.; Hengshui Yingli New Energy Resources Co., Ltd.; Lixian Yingli New Energy Resources Co., Ltd.; Baoding Jiasheng Photovoltaic Technology Co., Ltd.; Beijing Tianneng Yingli New Energy Resources Co., Ltd.; Hainan Yingli New Energy Resources Co., Ltd.; Shenzhen Yingli New Energy Resources Co., Ltd.; Yingli Green Energy International Trading Co., Ltd.; Yingli Green Energy Americas, Inc.; and Yingli Energy (China) Co., Ltd.

Adams C. Lee, Harris Bricken McVay Sliwoski, LLP, of Seattle, Washington, for plaintiff intervenor Ningbo Qixin Solar Electrical Appliance Co., Ltd.

John R. Magnus, Tradewins LLC, of Washington, D.C., for defendant intervenor and consolidated plaintiff SolarWorld Americas, Inc.

Joshua E. Kurland, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, and of counsel Brendan S. Saslow, Chief Counsel of Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C., for defendant.

Kelly, Judge: Before the court is the U.S. Department of Commerce's ("Commerce") fourth remand redetermination filed pursuant to the court's order in Canadian Solar Int'l Ltd. v. United States, 532 F. Supp. 3d 1273 (Ct. Int'l Trade 2021) ("Canadian Solar V") in connection with Commerce's third administrative review of the antidumping duty ("ADD") order covering crystalline silicon photovoltaic cells, whether or not assembled into modules ("solar cells"), from the People's Republic of China (the "PRC"), covering the period of December 1, 2014, through November 30, 2015. Final Results of Redetermination Pursuant to Ct. Remand in [Canadian Solar

V], Sept. 27, 2021, ECF No. 196-1 ("Fourth Remand Results"); see [solar_cells], from the [PRC], 82 Fed. Reg. 29,033 (Dep't Commerce June 27, 2017) (final results of [ADD] administrative review and final deter. of no shipments; 2014-15) and accompanying Issues and Decision Memo., A-570-979 (June 20, 2017), ECF No. 44-5.

The court presumes familiarity with the facts of this case as set out in its previous opinions ordering remand to Commerce, and now only recounts those facts relevant to the court's review of the Fourth Remand Results. See Canadian Solar V; see generally Canadian Solar Int'l Ltd. v. United States, 378 F. Supp. 3d 1292 (Ct. Int'l Trade 2019) ("Canadian Solar I"); Canadian Solar Int'l Ltd. v. United States, 415 F. Supp. 3d 1326 (Ct. Int'l Trade 2019) ("Canadian Solar II"); Canadian Solar Int'l Ltd. v. United States, 448 F. Supp. 3d 1333 (Ct. Int'l Trade 2020) ("Canadian Solar III"), judgment vacated on reconsideration, Canadian Solar Int'l Ltd. v. United States, 471 F. Supp. 3d 1379 (Ct. Int'l Trade 2020) ("Canadian Solar IV").

## JURISDICTION AND STANDARD OF REVIEW

This court has jurisdiction pursuant to section 516A of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii) (2012)[1] and 28 U.S.C. § 1581(c) (2012), which grant the court authority to review actions contesting the final determination in an administrative review of an antidumping order. The court will uphold Commerce's determination unless it is "unsupported by substantial evidence on the

---

[1] Further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of Title 19 of the U.S. Code, 2012 edition.

record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i). "The results of a redetermination pursuant to court remand are also reviewed 'for compliance with the court's remand order.'" Xinjiamei Furniture (Zhangzhou) Co. v. United States, 968 F. Supp. 2d 1255, 1259 (Ct. Int'l Trade 2014) (quoting Nakornthai Strip Mill Public Co. v. United States, 32 CIT 1272, 1274 (2008).

## DISCUSSION

In Canadian Solar V, the court remanded Commerce's third remand redetermination, due to its continued reliance on Thai import data to value nitrogen consumed by Canadian Solar,[2] for reconsideration or further explanation consistent with the Court of Appeals for the Federal Circuit's ("Court of Appeals") opinion in SolarWorld Americas, Inc. v. United States, 962 F.3d 1351 (Fed. Cir. 2020) ("SolarWorld") and Canadian Solar V. Canadian Solar V, 532 F. Supp. 3d at 1281.

In the Fourth Remand Results, Commerce, under respectful protest,[3] reconsidered its surrogate country selection and valued nitrogen using Mexican, rather than Thai import data. Fourth Remand Results at 1–2, 2 n.4. On September 2, 2021, Commerce released a draft of the remand redetermination and provided interested parties with an opportunity to comment. Id. at 4. No party provided

---

[2] Plaintiffs Canadian Solar International Limited; Canadian Solar (USA), Inc.; Canadian Solar Manufacturing (Changshu), Inc.; Canadian Solar Manufacturing (Luoyang), Inc.; CSI Cells Co., Ltd.; CSI-GCL Solar Manufacturing (Yancheng) Co., Ltd.; and CSI Solar Power (China) Inc. are referred to, collectively, as "Canadian Solar."

[3] By adopting a position "under protest," Commerce preserves its right to appeal. See Viraj Grp., Ltd. v. United States, 343 F.3d 1371, 1376 (Fed. Cir. 2003).

Consol. Court No. 17-00173                                                                                      Page 5

comments. Id. at 4, 9. On September 27, 2021, Commerce issued the Fourth Remand Results. Fourth Remand Results. On October 18, 2021, Plaintiffs Canadian Solar and Consolidated Plaintiff Shanghai BYD Co., Ltd. filed an unopposed motion to amend the scheduling order issued by the court, see Canadian Solar V, 532 F. Supp. 3d at 1281, "to eliminate the comment period and forego the filing of Joint Appendices." Pls.' and Consol. Pl.'s Unopposed Mot. Cancel Schedule for Parties to File Comments, Replies, and J.A.s on the Remand Redetermination at 2, Oct. 18, 2021, ECF No. 198. The court granted this motion. Order, Oct. 19, 2021, ECF No. 199. For the following reasons, the court sustains Commerce's decision to use Mexican import data to value Canadian Solar's nitrogen input.

Commerce explains that the record does not contain sufficient evidence to undertake the analysis to support the use of the Thai import data required by the court in Canadian Solar V. Fourth Remand Results at 7–8. Therefore, Commerce examined the Global Trade Atlas data on the record for nitrogen imports for five other possible surrogate countries. Id. Commerce selected Mexico from the list of potential surrogate countries, consistent with its practice of selecting the country with the highest import volume for the period of review if multiple countries equally satisfy Commerce's selection criteria. Id. at 9, 9 n.40. The record indicates that Mexico had the highest import volume for the period of review; therefore, Commerce's decision to use Mexican import data is supported by substantial evidence. See SolarWorld's Submission of Information to Rebut, Clarify, or Correct Information Pertaining to

Consol. Court No. 17-00173 Page 6

Surrogate Values, Ex. 3, PDs 397–98, CDs 482–84, bar codes 3490795-01–02, 3490786-01–03 (July 26, 2016). [4] No party objects to Commerce's surrogate country selection, the surrogate country selection is reasonable, and complies with the court's remand order. See Xinjiamei, 968 F. Supp. 2d at 1259.

## CONCLUSION

For the foregoing reasons, the Fourth Remand Results are supported by substantial evidence and comply with the court's order in Canadian Solar V, and, therefore, are sustained. Judgment will enter accordingly.

/s/ Claire R. Kelly
Claire R. Kelly, Judge

Dated:  December 8, 2021
        New York, New York

---

[4] On October 26, 2017, Defendant filed indices to the public ("PD") and confidential ("CD") administrative records underlying Commerce's final determination, on the docket, at ECF No. 44-2–4. Citations to administrative record documents in this opinion are to the numbers Commerce assigned to such documents in the indices.